DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, James L. Coteat, has appealed from his conviction for assault in the Summit County Court of Common Pleas. This Court affirms.
 I.
On July 17, 2000, Coteat entered the Sunoco on 579 North Main Street, Akron, Ohio, and asked the cashier to cash what appeared to be a payroll check made payable to James L. Coteat from Coury, Burns Demchak, a law firm located in Canton, Ohio. Fay Hood, an employee of Sunoco, cashed the check. However, the check contained the wrong payors' names on the signature line and was drawn on an account that was closed. The check was dishonored and returned to Sunoco.
On September 12, 2000, Jack Alomari, manager of the Sunoco, was working when Coteat presented another check for payment. Alomari stated on the record that he recognized the check as being the same type of check as the one that was dishonored in July. After verifying that the social security number on the second check was the same as the one on the first check, Alomari told Coteat that he owed Sunoco for the check he cashed on July 17, 2000. Coteat then exited the store, leaving the check, his picture I.D., and social security card behind. Alomari contacted the police and filed a report.
Coteat was charged with two counts of forgery in violation of R.C.2913.31(A)(3). The case was tried to a jury, and the jury returned a verdict of not guilty to count I, and guilty to count II. Coteat was sentenced to eighteen months of community control.
Coteat timely appealed, and has set forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN DENYING APELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL, PURSUANT TO CRIM. R. 29.
 SECOND ASSIGNMENT OF ERROR THE EVIDENCE PRESENTED BY THE STATE WAS INSUFFICIENT TO CONVICT APPELLANT OF FORGERY, DENYING HIM HIS LIBERTY WITHOUT DUE PROCESS OF LAW, WHEN THE STATE FAILED TO PROVE THE ELEMENTS OF THE CRIME BEYOND A REASONABLE DOUBT.
In each of the assignments of error, Coteat has argued that his conviction for forgery was not supported by sufficient evidence. This Court disagrees.
This Court addressed similar assignments of error in State v. Bezak
(Feb. 18, 1998), Summit App. No. 18533, unreported. In Bezak, this Court stated that the standard of review for a challenge to the sufficiency of the evidence and the standard of review for a motion for acquittal under Crim.R. 29(A) is the same standard. Id. Additionally, State v. Thompkins
(1997), 78 Ohio St.3d 380, 386, equates sufficiency with Crim.R. 29(A):
 With respect to sufficiency of the evidence, "`sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction).
Crim.R. 29(A) is specifically worded in terms of sufficiency: "The court * * * shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction * * *." (Emphasis added.) Thus, this Court will treat Coteat's first and second assignments of error as a challenge to the sufficiency of the evidence.
To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
In the instant case, Coteat was charged with forgery in violation of R.C. 2913.31(A)(3), which provides: "No person, * * * shall * * * (u)tter, or possess with purpose to utter, any writing that the person knows to have been forged." At trial, Fay Hood and Jack Alomari identified Coteat as the person who came in and tried to cash the two checks at issue in the case. When confronted by Mr. Alomari, Coteat left the store leaving behind the check he asked Alomari to cash and his identification. A third witness, Cynthia Madzia, office manager at Coury Burns Demchak, stated on the record that she discovered that the checks in question were missing on July 5, 2000. Mrs. Madzia also testified that Coteat had never been an employee at the law firm.
Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that the evidence was sufficient to prove Coteat was guilty of forgery. Accordingly, Coteat's assignments of error are overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
BATCHELDER, P.J., BAIRD, J. CONCUR.